# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-1902
_____

Pedro Fernando Chavez-Ramirez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: September 29, 2021
Filed: October 4, 2021
[Unpublished]
_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Pedro Fernando Chavez-Ramirez petitions for review of an order of the Board of Immigration Appeals, which dismissed his appeal from the decision of an immigration judge denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

This court concludes that substantial evidence supports the agency's determination that the harm Chavez-Ramirez experienced in Guatemala was motivated by general crime and monetary gain, rather than by a protected ground. *See De Castro-Gutierrez v. Holder*, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); *Menjivar v. Gonzales*, 416 F.3d 918, 920 (8th Cir. 2005), as corrected (Sept. 21, 2005) (asylum eligibility requirements); *Fuentes v. Barr*, 969 F.3d 865, 871-72 (8th Cir. 2020) (petitioner targeted by gang for money did not demonstrate nexus between alleged persecution and particular social group; record must compel conclusion that relationship to group, independent of other factors, was a central reason for persecution). That determination is dispositive of Chavez-Ramirez's claim for asylum. *See Tino v. Garland*, No. 20-3508, 2021 WL 4256185, at \*1 (8th Cir. Sept. 20, 2021).

Substantial evidence supports the agency's denial of withholding of removal and CAT relief. *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum necessarily cannot meet more rigorous standard of proof for withholding of removal; under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity).

The petition is denied. *See* 8th Cir. R. 47B.

_____