# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1436

_____

Santiago Martinez-Galarza, also known as Facundo Parias-Martinez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 11, 2015
Filed: April 9, 2015

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Santiago Martinez-Galarza, a citizen and native of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ) denial of Martinez-Galarza's application for asylum, withholding of removal, withholding under the Convention Against Torture (CAT) and voluntary departure. We deny the petition for review.

## I.   BACKGROUND

Martinez-Galarza entered the United States on or about August, 20, 1986, without admission or parole, and in 1999 he was granted voluntary departure by an IJ and left the United States.  Martinez-Galarza entered the United States again on or about May 20, 2000, without admission or parole.  In October 2010, Martinez-Galarza was arrested by Immigration and Customs Enforcement (ICE) and subsequently removal proceedings were commenced against Martinez-Galarza, charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).  Martinez-Galarza asserts that after ICE detained him, ICE agents promised to help him stay in the United States and obtain a work permit for him, in exchange for information on Adrian Parias Sanchez, Martinez-Galarza's nephew.  Martinez-Galarza asserts he provided information on Sanchez, which resulted in the arrest and subsequent removal of Sanchez.  Sanchez was arrested and deported back to Mexico in November 2010.

Martinez-Galarza was initially scheduled to appear before the court on February 17, 2011, but his master calendar hearing was continued.  On February 7, 2012, Martinez-Galarza appeared, with counsel, before an IJ.  He admitted all of the factual allegations and conceded the charge of removability.  Martinez-Galarza declined to designate a country, and the IJ designated Mexico.  The IJ also noted that Martinez-Galarza was not eligible for voluntary departure as he had previously been granted voluntary departure by the court in 1999 and, after leaving, reentered the United States illegally in 2000.

Martinez-Galarza filed an application for asylum, withholding of removal and protection under the CAT.  On September 18, 2012, Martinez-Galarza submitted a prehearing memorandum in support of his application.  In the memorandum, Martinez-Galarza asserted that he was a member of a social group "consisting of people who have provided information to [ICE] to enable that organization to remove

individuals residing illegally in the [United States]," as well as a member of a second social group consisting of "witnesses for ICE." Martinez-Galarza also recounted in the memorandum his 2010 detainment by ICE, and his assertions that ICE promised to allow him to remain in the United States and issue a work permit, in exchange for information on Sanchez. Martinez-Galarza stated that he feared returning to Mexico because of Sanchez, who believed that Martinez-Galarza had "ended his American dream." Martinez-Galarza further asserted that Sanchez had beaten his brother, Esteban, and killed his nephew, Marcelo Alarcon, because Sanchez was angry with Martinez-Galarza. Martinez-Galarza also asserted that Sanchez threatened to kill him. Lastly, Martinez-Galarza acknowledged that his petition for asylum was untimely filed, but he argued that the November 2010 removal of Sanchez was a changed or extraordinary circumstance which excused his untimely filing. He also argued that he was unable to file his application for asylum right after Sanchez was removed in 2010 because his master calendar hearing had been continued until February 7, 2012.

Hearings on the matter took place on October 2 and 4, 2012. On October 4, 2012, the IJ issued an oral decision denying Martinez-Galarza's applications for asylum, withholding of removal and CAT protection. The IJ found Martinez-Galarza's asylum application time-barred, since he did not file the application within a reasonable time after the qualifying event, Sanchez's November 2010 removal. Alternatively, the IJ found that Martinez-Galarza's claimed social groups lacked social visibility and particularity. As to Martinez-Galarza's request for withholding of removal, the IJ found that he was not eligible for withholding of removal because he had failed to establish the lower standard of asylum. The IJ also determined that Martinez-Galarza was not eligible for CAT protection, because he had not submitted evidence that it was more likely than not that he would be tortured by the Mexican government or its agents upon his return to Mexico.

Martinez-Galarza petitioned for review of the IJ's decision with the BIA on October 31, 2012. The BIA dismissed Martinez-Galarza's petition on January 27, 2014, largely adopting the IJ's findings, except for the IJ's determination that Martinez-Galarza's asylum application was time-barred. The BIA found that Martinez-Galarza had demonstrated a change in circumstances to excuse his untimely filing for asylum. The issue of timeliness aside, the BIA agreed that Martinez-Galarza failed to establish his eligibility for asylum for the same reasons identified by the IJ–that Martinez-Galarza's claimed particular social group did not meet the required standards. Furthermore, the BIA found that fear of personal retribution was not a basis for asylum. The BIA also determined that Martinez-Galarza did not meet the standard for withholding of removal. Lastly, the BIA found that Martinez-Galarza did not appeal the IJ's finding that he was ineligible for CAT protection. Martinez-Galarza subsequently filed this petition for review.

## II. DISCUSSION

### A. Standard of Review

We review the BIA's decision as a final agency decision. Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005). And, to the extent that the BIA adopted the IJ's findings, we also review the IJ's findings as part of the final agency decision. Id. We review de novo issues of law, and review the agency's findings of facts under the substantial evidence standard. Omondi v. Holder, 674 F.3d 793, 797 (8th Cir. 2012). That standard provides that "the findings of facts are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Id.

### B. Asylum Claim

To establish eligibility for asylum an applicant must show he is a "refugee," a person who is unwilling or unable to return to his country or origin "because of

-4-

persecution or a well-founded fear of persecution *on account of . . .* membership in a particular social group." 8 U.S.C. § 1101(a)(42) (emphasis added). To establish a well-founded fear of persecution, in the absence of evidence of past persecution, the applicant must show a subjective fear, as well as an objectively "reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(i)(B).

In his petition for review, Martinez-Galarza reiterates that he faces a credible threat to his life because Sanchez believes Martinez-Galarza ended his American dream and has threatened to kill him if he returns to Mexico. Martinez-Galarza also argues that Mexico in general is experiencing an increase in organized crime, and asserts that it is well known that police and government officials take bribes to carry out hits on individuals. He concludes that it is therefore "highly unlikely that the government will do anything to protect [him]."

Even taking everything Martinez-Galarza says as true, which the IJ did, Martinez-Galarza's claims do not satisfy the burden that his fear of persecution is *on account of* his membership in a particular social group. Martinez-Galarza does not claim that Sanchez wants to persecute him because of Martinez-Galarza's status as a member of the social group "consisting of people who have provided information to [ICE] to enable that organization to remove individuals residing illegally in the [United States]." Sanchez's alleged reason for wanting to harm Martinez-Galarza–because Martinez-Galarza ended Sanchez's American dream–is motivated by purely personal retribution, and thus not a valid basis for an asylum claim. See Madrigal v. Holder, 716 F.3d 499, 506 (9th Cir. 2013); Matter of Y-G-, 20 I. & N. Dec. 794, 799 (BIA 1994); cf. Eusebio v. Ashcroft, 361 F.3d 1088, 1091 (8th Cir. 2004) (finding that applicant did not establish eligibility for asylum where his claimed past persecution was as a result of "personal animosity rather than political beliefs").

There may be asylum protections for an applicant who shows the threatened persecution is motivated by both personal retaliation and a protected motive, Madrigal, 716 F.3d at 506, but Martinez-Galarza presents no evidence to suggest this is the situation here. He does not allege that Sanchez has threatened or attacked other ICE informants. In fact, the other individuals Sanchez has targeted–Martinez-Galarza's brother and nephew–suggest even more strongly that Sanchez has a personal grudge with Martinez-Galarza, and is not threatening him as a result of Martinez-Galarza's nexus to an alleged particular social group. Accordingly, Martinez-Galarza has failed to meet his burden to establish he is eligible for asylum.

## C.    Other Claims

It is unclear from Martinez-Galarza's brief whether he is also seeking review of the BIA's determination that he is not eligible for withholding of deportation and CAT protection. Martinez-Galarza states he is petitioning for review of the BIA decision that upheld the IJ's decision denying his application for asylum, withholding of removal, protection under CAT and voluntary departure. However, Martinez-Galarza makes no substantive arguments in his brief regarding his eligibility for withholding of removal, CAT protections, or voluntary departure, aside from a fleeting mention that "[p]ast and/or future persecutions are factors considered in asylum, withholding of deportation, and [CAT] claims." Furthermore, the BIA noted in its decision that Martinez-Galarza did not challenge the IJ's denial of voluntary departure and CAT protection in his petition before the BIA. The BIA has determined that issues not addressed on review are deemed waived. Matter of Edwards, 20 I. & N. Dec. 191, 202 n.4 (BIA 1990); see also Marksmeier v. Davie, 622 F.3d 896, 902 n.4 (8th Cir. 2010) (holding claims not argued are waived). Thus, we decline to address Martinez-Galarza's claims for withholding of removability, CAT protections, and voluntary departure.

## III. CONCLUSION

For the aforementioned reasons, we affirm the BIA's decision.

_____