# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-3236
_____

Enrique Quinilla-Pu; Juan Quinilla-Sic

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: August 30, 2021
Filed: September 2, 2021
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizens Enrique Quinilla-Pu and Juan Quinilla-Sic (collectively, the Quinillas) petition for review of an order of the Board of Immigration Appeals, which dismissed their appeal from the decision of an immigration judge denying them asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

This court concludes that the Quinillas's challenge to the agency's jurisdiction over their removal proceedings is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 985-86 (8th Cir. 2019). The court finds no error in the agency's determination that the Quinillas were ineligible for asylum and withholding of removal because they did not establish a nexus between any persecution and a protected ground. *See De Castro-Gutierrez v. Holder*, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); *Guled v. Mukasey*, 515 F.3d 872, 881 (8th Cir. 2008) (noncitizen who does not meet standard for asylum cannot meet higher "clear probability" standard for withholding of removal); *Menjivar v. Gonzales*, 416 F.3d 918, 920 (8th Cir. 2005), *as corrected* (Sept. 21, 2005) (asylum eligibility requirements); *see also Martinez-Galarza v. Holder*, 782 F.3d 990, 993-94 (8th Cir. 2015) (alleged harm motivated by personal retribution is not valid basis for asylum claim).

Substantial evidence also supports the agency's conclusion that the Quinillas were not eligible for CAT protection. *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity). The court declines to consider any argument concerning a proposed particular social group presented for the first time on appeal. *See Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014) (noncitizens may only appeal issues exhausted at administrative level).

The petition for review is denied. *See* 8th Cir. R. 47B. The motion for summary disposition is denied as moot.

_____