# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-3327

_____

Ana Yenzi Lesbeth Elias-Tajiboy; E.J.X.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

No. 21-2173

_____

Ana Yenzi Lesbeth Elias-Tajiboy; E.J.X.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 14, 2022
Filed: June 6, 2022
[Unpublished]
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Despite Ana Elias-Tajiboy's desire to remain in the United States, the Board of Immigration Appeals denied her request for asylum and withholding of removal. We now deny her petition for review.

I.

Gang extortion is a common problem in Guatemala. After falling prey to it, Elias-Tajiboy moved north and eventually entered the United States with her son. It was not long before they were placed in removal proceedings.

She asked to remain in the United States, along with her son, on the ground that she had faced extortion and threats back home and would encounter them again if she returned. To put it in immigration-law terms, she wanted asylum or withholding of removal to avoid persecution "on account of" her membership in two "proposed social groups": "female Guatemalan business owners" and "Guatemalan women who lack male protection." *See* 8 U.S.C. § 1101(a)(42)(A).

The immigration judge did not grant relief. What was missing, among other things, was evidence supporting a "nexus" between the persecution she allegedly faced and either one of the social groups she identified. Even though Elias-Tajiboy was "the unfortunate victim of a very serious crime," it was not clear that her

membership in either "social group[]" had been the reason for the extortion and threats against her. The Board of Immigration Appeals agreed.[1]

## II.

The Immigration and Nationality Act vests the Attorney General with the authority to "grant asylum." 8 U.S.C. § 1158(b)(1)(A). It is available when an alien is "unable or unwilling to return" home "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A). Here, even assuming that she faces persecution and is a member of a cognizable social group, the evidence does not connect the two. *See Aguinada–Lopez v. Lynch*, 825 F.3d 407, 408–09 (8th Cir. 2016) (noting that an alien "must establish . . . a nexus between the persecution and membership in [a] social group").

We review the agency's no-nexus finding for "substantial evidence." *Kanagu v. Holder*, 781 F.3d 912, 916 (8th Cir. 2015); *see also* 8 U.S.C. § 1252(b)(4)(B). Under this "highly deferential" standard, we can only overturn an "administrative finding" like this one if "a[] reasonable adjudicator would be compelled" to reach a "contrary" conclusion. *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The record does not come close to compelling a contrary conclusion here. Elias-Tajiboy's argument is missing quite a few logical links: she never met "the gangsters" who extorted her; she has nothing showing why they did it; and she is not

---

[1]Before the immigration judge, Elias-Tajiboy had questioned the sufficiency of her "notice to appear" in immigration court. 8 U.S.C. § 1229(a)(1)(G)(i); *see also Pereira v. Sessions*, 138 S. Ct. 2105, 2113–14 (2018). The Board correctly ruled, however, that this argument had been "waived" when she failed to adequately brief it. *See Martinez-Galarza v. Holder*, 782 F.3d 990, 994 (8th Cir. 2015); *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008) (explaining that the Board can "appropriately apply the doctrine of waiver").

sure that the same gang was behind each of the incidents. And on top of that, she readily admits that gang extortion "is a common problem in Guatemala" for *everyone*, not just for members of her claimed social groups. *See Mohamed v. Ashcroft*, 396 F.3d 999, 1003 (8th Cir. 2005) ("To be eligible for asylum, the harm suffered must be particularized to the individual rather than suffered by the entire population."). As the immigration judge observed, all the record shows is that she was targeted because someone thought she had money. That is not enough to establish a nexus, so she cannot succeed on her asylum and withholding-of-removal claims. *See id.*; *see also Cano v. Barr*, 956 F.3d 1034, 1040 (8th Cir. 2020).

### III.

We accordingly deny the petition for review.

_____