# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3260
_____

Miriam Lizette Rodriguez Morales; P.C.J.R.; M.A.J.R.; V.S.V.R.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 15, 2022
Filed: July 7, 2022
[Unpublished]
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Miriam Lizette Rodriguez Morales and her children, P.C.J.R., M.A.J.R., V.S.V.R., who are natives and citizens of Mexico, petition for review of a final order of the Board of Immigration Appeals (BIA). The BIA dismissed their appeal from an immigration judge's decision denying termination of the proceedings, asylum, withholding of removal, and protection under the Convention Against Torture

(CAT).[1]  Rodriguez Morales challenges the agency's decision on various grounds. Upon careful consideration, we deny the petition for the following reasons.

Rodriguez Morales first challenges the agency's jurisdiction over her removal proceedings, but her argument is foreclosed by this court's precedent.  See Ali v. Barr, 924 F.3d 983, 986 (8th Cir. 2019); see also Tino v. Garland, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam).  The agency did not err when it denied her motion to terminate the proceedings.

Next, Rodriguez Morales seeks remand because the immigration judge took administrative notice of a country conditions report for Guatemala and Rodriguez Morales is from Mexico.  But the BIA did not err in concluding this was a non-prejudicial clerical error, as the immigration judge referenced the Mexican report throughout the proceedings.  Cf. Reyes-Morales v. Gonzales, 435 F.3d 937, 943 (8th Cir. 2006) (finding a citation to the wrong regulatory provision to be "purely ministerial and therefore harmless" where the BIA used the correct controlling language to support its analysis).

Finally, Rodriguez Morales argues that the BIA erred in denying asylum, withholding of removal, and CAT protection.  As to the asylum claim, the BIA assumed that Rodriguez Morales's proposed particular social groups (PSGs) were cognizable but concluded that she failed to demonstrate a nexus to any statutorily protected ground, including her PSGs. Substantial evidence supports this conclusion. See Silvestre-Giron v. Barr, 949 F.3d 1114, 1119 n.3 (8th Cir. 2020) (standard of

---

[1]Because Rodriguez Morales designated her children as derivative beneficiaries on her asylum application, we refer to her as the lead petitioner.  See 8 U.S.C. § 1158(b)(3)(A)-(B) (child may be granted asylum if accompanying principal noncitizen was granted asylum and child was under 21 years of age at date parent applied for asylum).  There are no derivative benefits for withholding of removal or CAT relief.  See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

review). Rodriguez Morales was threatened by an anonymous caller after she reported an attempted kidnapping to the police. But a claimant is not entitled to asylum where a fear of persecution is due to "a personal grudge" rather than the claimant's "status as a member of the social group." See Martinez-Galarza v. Holder, 782 F.3d 990, 993-94 (8th Cir. 2015). The record does not compel the conclusion that the anonymous caller threatened Rodriguez Morales because she is a female or female head-of-household who witnessed and reported a crime in Mexico, her identified PSGs. The caller may only have wished to retaliate against her personally for making a report to the police. See id. (holding that the petitioner failed to show a nexus where substantial evidence supported the conclusion that the threats against the petitioner were motivated by "personal retribution," and there was no indication, for example, that the assailant "has threatened or attacked other [members of the PSG]"). The failure to establish a nexus is dispositive of the asylum and withholding-of-removal claims. See Baltti v. Sessions, 878 F.3d 240, 245, 246 (8th Cir. 2017) (per curiam). And substantial evidence supports the BIA's conclusion that Rodriguez Morales did not "demonstrate that it is more likely than not that [she] would be tortured upon her return to Mexico, by or with the acquiescence (including the concept of willful blindness) of a government official or other person acting in an official capacity" and that her CAT claim must therefore be denied. See Silvestre-Giron, 949 F.3d at 1119.

For these reasons, the petition for review is denied. See 8th Cir. R. 47B.

_____