# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-3018
_____

Rogaciano Galvez-Vicencio

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 13, 2024
Filed: May 6, 2024
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Rogaciano Galvez-Vicencio, a Mexican citizen who first entered the United States unlawfully in 2009, petitions for review of the immigration judge's determination that he failed to establish a reasonable fear of persecution or torture for purposes of removal proceedings under 8 U.S.C. § 1231. We deny the petition.

## I.    BACKGROUND

Upon conclusion of his sentence for federal reentry after deportation, Galvez-Vicencio requested a reasonable fear interview with the Asylum Office of the Department of Homeland Security ("DHS") regarding his fear of returning to Mexico based on cartel violence. On August 21, 2023, an asylum officer conducted an interview and determined that Galvez-Vicencio, while credible, did not have a reasonable fear of persecution or torture. Galvez-Vicencio requested review by an immigration judge ("IJ"). During the IJ proceedings, Galvez-Vicencio testified and provided evidence to support his claim. The IJ affirmed the decision of DHS, finding the past harm Galvez-Vicencio experienced was not on account of a particular social group; his fear of future harm was based on a desire by the Cartel de Jalisco Nueva Generacion ("CJNG") to harm him out of a personal vendetta, not on account of a protected ground; and he did not have a reasonable fear of torture because it was speculative that the torture Galvez-Vicencio feared would be at the consent or acquiesce of a government official. The 2009 Order of Removal was reinstated.

Galvez-Vicencio seeks review of the IJ's findings that he failed to demonstrate a reasonable possibility of future harm or torture.

## II.    ANALYSIS

We review the reinstatement of a prior removal order for substantial evidence, and we will not overturn DHS's factual findings unless "it would not be possible for any reasonable fact-finder to come to the conclusion reached by the administrator." Perez-Garcia v. Lynch, 829 F.3d 937, 940–41 (8th Cir. 2016) (quotation omitted). To avoid removal, Galvez-Vicencio must establish a reasonable possibility that he would be persecuted in Mexico on account of his race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he would be tortured in Mexico. See 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.31(c).

Galvez-Vicencio contends he established a reasonable possibility of persecution based on his membership in the social group of his family. An applicant for withholding based on membership in a particular social group must establish both a cognizable social group and a nexus between the persecution and membership in that social group. Gonzalez Cano v. Lynch, 809 F.3d 1056, 1058 (8th Cir. 2016). While we have previously held that a nuclear family can constitute a social group, Bernal-Rendon v. Gonzales, 419 F.3d 877, 881 (8th Cir. 2005), we have rejected a nuclear family social group claim when the family lacked visibility. To constitute a family with visibility, we have explained that "the members of the group are perceived as a group by society such that these individuals suffer from a higher incidence of crime than the rest of the population." Antonio-Fuentes v. Holder, 764 F.3d 902, 905 (8th Cir. 2014) (cleaned up). Without more, a family experiencing gang violence is too broad. See de la Rosa v. Barr, 943 F.3d 1171, 1174 (8th Cir. 2019; Cambara-Cambara v. Lynch, 837 F.3d 822, 826 (8th Cir. 2016); Constanza v. Holder, 647 F.3d 749, 753–54 (8th Cir. 2011) (per curiam).

Here, Galvez-Vicencio provided evidence of violence against himself and his family, but he did not provide sufficient information to establish reasonable fear of persecution. Galvez-Vicencio testified that his mother resides in Mexico and has not been harmed despite submitting police reports related to violence against family members. Galvez-Vicencio also testified that his brother Victor has not been harmed or threatened since returning to Mexico in 2022. Although Galvez-Vicencio offered evidence that the prosecutor's office in Zacatecas has listed him as belonging to a protected group through his relationship to his kidnapped brother, Dionicio, this evidence suggests that Galvez-Vicencio may be at risk of violence, not that the risk of violence is because of the family relationship. See Rivas v. Sessions, 899 F.3d 537, 542 (8th Cir. 2018) ("[T]he fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim.") (quotation omitted).

With respect to the various gangs, Galvez-Vicencio described violence by the Mexican cartels related to recruitment or intimidation, or violence in retaliation for

his cooperation with police. This sort of evidence does not establish Galvez-Vicencio was harmed on account of a protected group. See Martinez-Galarza v. Holder, 782 F.3d 990, 993–94 (8th Cir. 2015) (finding persecution arose from "personal retribution" rather than applicant's membership in a particular social group); Aguinada-Lopez v. Lynch, 825 F.3d 407 (8th Cir. 2016) (persecution not due to membership in social group but instead motivated by gang recruitment). We see no error in the IJ's determination that Galvez-Vicencio failed to show a reasonable possibility he would be persecuted based on a protected ground should he return to Mexico.

Galvez-Vicencio also contends that he provided sufficient evidence to establish fear of persecution by torture. To obtain relief, Galvez-Vicencio must show it is "more likely than not" that he would be tortured if removed to Mexico. 8 C.F.R. § 1208.16(c)(2). Torture is "an extreme form of cruel and inhuman treatment" and is defined to include any act which consists of: (1) severe pain or suffering, either physical or mental; (2) that is intentionally inflicted; (3) not as a lawful sanction; and (4) is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity. Id. at § 1208.18(a)(1), (a)(2). "A government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it, but it does cross the line into acquiescence when it shows willful blindness toward the torture of citizens by third parties." Ramirez-Peyro v. Holder, 574 F.3d 893, 899 (8th Cir. 2009) (quotation omitted).

Galvez-Vicencio's testimony about law enforcement's physical treatment arising out of a mistaken identity does not rise to the level of torture. Likewise, the evidence in the record is insufficient to show police acquiescence to the gang violence that he and his family endured. See Uriostegui-Teran v. Garland, 72 F.4th 852, 856 (8th Cir. 2023) (stating the record did not support the contention that the Mexican government turned a blind eye to gang-inflicted torture because the police offered to help when applicant's uncle was kidnapped); Cambara–Cambara, 837 F.3d at 827 ("[T]hat a police force struggles to control gang activity is insufficient

-4-

to compel a finding of . . . government acquiescence in their criminal activities."). The lack of evidence showing who specifically would torture Galvez-Vicencio or a reasonable possibility of government acquiesce is fatal to Galvez-Vicencio's claim. Substantial evidence supports the IJ's conclusion that Galvez-Vicencio did not demonstrate it would be more likely than not he would be tortured if returned to Mexico.

Finally, the IJ's use of the word "speculative" to describe the evidence of acquiescence did not imply an inappropriate, heightened standard was used. The word "speculative" comports with the law, as Galvez-Vicencio must show that the possibility of torture is more than hypothetical. See Gilbertson v. Garland, 7 F.4th 700, 706 (8th Cir. 2021) (finding a hypothetical chain of events is insufficient to show that it was more likely than not that each link in the chain would occur); see also Deng v. Garland, 80 F.4th 859, 863 (8th Cir. 2023) (same).

## III. CONCLUSION

For these reasons, we deny the petition for review.

_____