# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1534
_____

Hugo Bautista-Bautista,

*Petitioner*,

v.

Merrick B. Garland, Attorney General of the United States,[*]

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 11, 2021
Filed: July 6, 2021

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Hugo Bautista-Bautista, a citizen and native of Guatemala, petitions for review of a decision of the Board of Immigration Appeals denying his applications for

---

[*]Attorney General Garland is automatically substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

withholding of removal and relief under the Convention Against Torture.  We deny the petition.

## I.

In September 2010, Bautista-Bautista entered the United States at the age of nineteen.  A Border Patrol agent arrested Bautista-Bautista in New York after he admitted that he was a Guatemalan citizen, and that he had entered the United States at the border with Mexico without inspection.  The Department of Homeland Security then served Bautista-Bautista with a Notice to Appear, alleging that he was removable as an alien unlawfully present in the United States under 8 U.S.C. § 1182(a)(6)(A)(i).  After a change of venue, the case was heard in immigration court in Omaha, Nebraska.

Bautista-Bautista conceded his removability, and an immigration judge denied Bautista-Bautista's claim for relief under the Convention Against Torture.  Bautista-Bautista appealed to the Board of Immigration Appeals, and the Board remanded for further findings of fact.  On remand, Bautista-Bautista expanded his claim for relief to include withholding of removal under 8 U.S.C. § 1231(b)(3)(A), arguing that he could not be removed to Guatemala because his "life or freedom would be threatened" due to his "membership in a particular social group."

In his renewed immigration proceedings, Bautista-Bautista explained that he left Guatemala to escape a vigilante group known as "Seguridad" that operated in his hometown of Todos Santos.  He testified that this group, composed of approximately sixteen or seventeen members, targeted him in June 2010 because he was a "youth," and that the group searched his body for tattoos because it believed that a tattoo signified membership in a gang.  The Seguridad members cut off a tattoo from Bautista-Bautista's back, and threatened to cut off a tattooed finger if he did not

remove the tattoo himself. Bautista-Bautista decided to keep his tattoo and fled to the United States.

Bautista-Bautista testified that Seguridad would "just attack the youth," but admitted that he was no longer a youth. Bautista-Bautista further explained that Seguridad had not targeted his brother because his brother was "older." He clarified that his fear was that the group would remember his promise to remove the tattoo on his finger, because the vigilantes had recorded his name. Bautista-Bautista also conceded that he never reported the incident to Guatemalan authorities.

An immigration judge denied Bautista-Bautista's claims for relief. On the withholding claim, the judge determined that Bautista-Bautista had proposed two potential social groups: "tattooed Guatemalan youths" and "people who promised to remove their tattoos years ago but did not." The judge found that Bautista-Bautista was no longer a "youth," and concluded that the second proposed group did not qualify as a "particular social group" under the statute. The judge also determined that Bautista-Bautista could relocate within Guatemala to avoid Seguridad. On the Convention Against Torture claim, the judge concluded that Bautista-Bautista could avoid Seguridad by relocating within Guatemala, and that the government had not acquiesced to any torture by Seguridad. The Board adopted and affirmed the immigration judge's decision.

We review the Board's legal conclusions *de novo* and its factual findings under a substantial evidence standard. *Moallin v. Barr*, 980 F.3d 1207, 1209 (8th Cir. 2020). The Board's findings of fact will not be disturbed "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where, as here, the Board adopts the immigration judge's decision while adding analysis of its own, we review both decisions. *Edionseri v. Sessions*, 860 F.3d 1101, 1104 (8th Cir. 2017).

II.

Bautista-Bautista first contends that the Board erred in denying his claim for withholding of removal. An alien is entitled to relief from removal if he establishes "a clear probability that his life or freedom would be threatened in the country of removal on account of one of several protected grounds, including 'membership in a particular social group.'" *Miranda v. Sessions*, 892 F.3d 940, 942 (8th Cir. 2018) (quoting 8 U.S.C. § 1231(b)(3)(A)); *see INS v. Stevic*, 467 U.S. 407, 413 (1984). Bautista-Bautista claims that he faces a threat to his life or freedom at the hands of the Seguridad vigilante group in Guatemala on account of his membership in two groups: "tattooed Guatemalan youths" and "people who promised to remove their tattoos years ago but did not." The Board rejected both of these claims, reasoning that Bautista-Bautista "ha[d] not established a nexus" between his claimed fear of Seguridad and "any identifiable particular social group." The Board also adopted the immigration judge's conclusion that it was reasonable to expect Bautista-Bautista to relocate within Guatemala to avoid Seguridad. We see no error in the Board's decision.

Bautista-Bautista challenges the Board's conclusion that he failed to establish membership in a particular social group. Under the Board's analysis, a proposed group qualifies as a "particular social group" if "the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Ngugi v. Lynch*, 826 F.3d 1132, 1138 (8th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). We review the Board's finding that an alien does not belong to a particular social group for substantial evidence, *Fuentes-Erazo v. Sessions*, 848 F.3d 847, 852-53 (8th Cir. 2017), and we review *de novo* the legal question whether a proposed group qualifies as a particular social group. *Miranda*, 892 F.3d at 943.

As to the first proposed group, the immigration judge assumed that "tattooed Guatemalan youths" qualified as a particular social group, but found that Bautista-Bautista is no longer a "youth." In his petition, Bautista-Bautista again concedes that he is "no longer a youth," but maintains that he is "comparably young." But Bautista-Bautista, who was twenty-seven years old at the time of the immigration judge's decision, never testified that Seguridad targets "comparably young" people. He testified instead that Seguridad would "just attack the youth," that he is not a youth, and that his brother—who was aged thirty-three or thirty-four and lived in Todos Santos—had not been targeted by Seguridad. This testimony is substantial evidence in support of the immigration judge's finding that Bautista-Bautista is not a member of this proposed social group.

The Board also did not err in concluding that the second proposed group—people who promised to remove their tattoos years ago but did not—does not qualify as a particular social group because it lacks social distinction. Under the Board's rubric, which is not challenged here, Bautista-Bautista was required to produce "evidence that the society 'makes meaningful distinctions' based on the common immutable characteristics defining the group." *Gonzalez Cano v. Lynch*, 809 F.3d 1056, 1059 (8th Cir. 2016) (quoting *Matter of A-R-C-G-*, 26 I. & N. Dec. 388, 394 (BIA 2014)). The immigration judge reasoned that Bautista-Bautista had presented "essentially a group of one," and that no evidence in the record showed "that the government recognizes his plight, that society thinks of him as a particular kind of person now, or even that people like him are at all identifiable."

Bautista-Bautista points to the facts that Seguridad "has and continues to operate" in his hometown, and that he did not follow Seguridad's command to remove a tattoo on his finger. Even assuming that a failure to exhaust these arguments before the agency does not bar judicial review, the Board did not err. That Seguridad targeted Bautista-Bautista is insufficient to establish that he belongs to a class of people "perceived as a cohesive group *by society*." *Constanza v. Holder*, 647

F.3d 749, 753 (8th Cir. 2011) (per curiam) (emphasis added). And Bautista-Bautista's decision not to follow Seguridad's command does not show that Guatemalan "society meaningfully distinguishes" between those who have made promises to remove tattoos and those who have not. *See Rivas v. Sessions*, 899 F.3d 537, 542 (8th Cir. 2018). Bautista-Bautista's prior experience with Seguridad and his promise to remove a tattoo, standing alone, are insufficient to establish that he belongs to a socially distinct group.

Even if Bautista-Bautista had established that he belonged to a particular social group, the Board also determined that he could relocate within Guatemala to avoid Seguridad. An alien is not entitled to withholding of removal if he could "relocat[e] to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect [him] to do so." 8 C.F.R. § 1208.16(b)(1)(i)(B). The immigration judge concluded that although Bautista-Bautista testified that he did not have any family outside of Todos Santos, the record did not disclose why Bautista-Bautista, "a healthy 27-year old man, cannot move to an area where he has no family." The judge further noted that Bautista-Bautista failed to testify about whether "Seguridad is active outside of his village," and as a result, Bautista-Bautista's testimony left "all of Guatemala as a possible relocation target."

In his petition, Bautista-Bautista does not refute the Board's conclusion that it is reasonable to expect him to relocate within Guatemala, so the point is waived, and the Board did not err in any event. Reports in the record say that vigilante violence is limited to rural areas of Guatemala. While Bautista-Bautista speculated that Seguridad operated in other towns, he could not testify as to the group's reach or that Seguridad would recognize him in other towns. The Board thus did not err in concluding that it is reasonable to expect Bautista-Bautista to relocate within Guatemala to avoid Seguridad. *See Saldana v. Lynch*, 820 F.3d 970, 977-78 (8th Cir. 2016).

Bautista-Bautista argues finally that he was entitled to relief under the Convention Against Torture. To qualify for CAT relief, Bautista-Bautista must establish "that it is more likely than not that [he] will be subjected to torture if returned to Guatemala." *Juarez-Coronado v. Barr*, 919 F.3d 1085, 1089 (8th Cir. 2019). He is also required to show that the torture would be "at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Because the Board properly concluded that Bautista-Bautista could relocate to avoid Seguridad, he is also ineligible for relief under the Convention. *See Yakovenko v. Gonzales*, 477 F.3d 631, 637 (8th Cir. 2007); *see also* 8 C.F.R. § 208.16(c)(3)(ii). Even so, the Board also did not err in deciding that Guatemala has not acquiesced to any torture by Seguridad. Bautista-Bautista never told the police about the June 2010 incident when Seguridad cut off a tattoo on his back, and he testified that the government did not authorize Seguridad's actions or cooperate with the group. Reports in the record show that the government has taken steps to attempt to control the country and reduce corruption, and there is nothing in the record to establish that Guatemala "shows willful blindness toward the torture of citizens by third parties." *Juarez-Coronado*, 919 F.3d at 1089 (quoting *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007)).

For these reasons, the petition for review is denied.

_____