# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3554

———————————————

Brandon Aguilar-Melendez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: June 28, 2022
Filed: July 1, 2022
[Unpublished]

————————

Before GRUENDER, BENTON, and STRAS Circuit Judges.

————————

PER CURIAM.

Salvadoran citizen Brandon Aguilar-Melendez petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA dismissed Aguilar-Melendez's appeal from the decision of an immigration judge denying him asylum and withholding of removal relief.[1]  This court find no error in the agency's determination that Aguilar-Melendez was ineligible for asylum, because he did not establish past persecution or a well-founded fear of future persecution on account of a protected ground.  *See Menjivar v. Gonzales*, 416 F.3d 918, 920 (8th Cir. 2005), *as corrected* (Sept. 21, 2005) (asylum eligibility requirements).

The agency did not err in concluding that the proposed social group "young Salvadoran males who refuse to be victimized and refuse active recruitment by gangs" is not cognizable.  *See Bautista-Bautista v. Garland*, 3 F.4th 1048, 1052 (8th Cir. 2021) (whether group is a particular social group is a legal question reviewed de novo); *Tino v. Garland*, 13 F.4th 708, 710 (8th Cir. 2021) (agreeing with BIA that gang-averse proposed particular social group  was not cognizable because it lacked particularity and social distinction).  The failure to establish a cognizable particular social group was dispositive of Aguilar-Melendez's gang-based asylum claim.  *See, e.g., Miranda v. Sessions*, 892 F.3d 940, 944 (8th Cir. 2018) (declining to review other requirements for relief from removal when social group was not cognizable because noncitizen necessarily could not show any past or future persecution would be on account of a protected ground).  Even assuming Aguilar-Melendez's alternative family-based social group was cognizable, substantial evidence supports the conclusion—dispositive of his claim for asylum—that he failed to demonstrate the requisite nexus between his fear of persecution and membership in the group.  *See Tino*, 13 F.4th at 710 (where substantial evidence supported determination that noncitizen failed to demonstrate nexus between persecution and proposed particular social group, failure was dispositive of claim); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (nexus is a factual

---

[1]Aguilar-Melendez does not challenge the denial of relief under the Convention Against Torture; accordingly, any challenge has been waived. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised or meaningfully argued in opening brief is deemed waived).

determination reviewed for substantial evidence); *Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 869 (8th Cir. 2018) (this court will reverse only if it determines that a reasonable factfinder would have to conclude that petitioner's proposed protected ground "actually and sufficiently motivated his persecutors' actions"). Substantial evidence supports the agency's denial of withholding of removal relief. *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum necessarily cannot meet more rigorous standard of proof for withholding of removal).

The petition for review is denied. *See* 8th Cir. R. 47B.

_____