# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2227

_____

Davinder Singh

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 20, 2025
Filed: April 28, 2025
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Davinder Singh petitions this court for review of a decision by the Board of Immigration Appeals ("BIA") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the following reasons, we deny his petition.

Singh, a Sikh Indian citizen from the state of Punjab, illegally entered the United States on October 12, 2018. After being charged with removability by the Department of Homeland Security ("DHS"), Singh applied for asylum, withholding of removal, and CAT protection. He claimed that, while working as a member of the Shiromani Akali Dal (Amritsar) Party (the "Mann Party")—a party which believes in establishing a separate state for Sikhs—he was twice beaten by members of the rival Congress Party. He also claimed to fear future harm by Congress Party supporters and Indian police if he were to return to the country.

An Immigration Judge ("IJ") denied Singh's applications for asylum and withholding of removal, reasoning that his past harm did not rise to the level of persecution, and that, even if it did, DHS established by a preponderance of the evidence that he could avoid persecution by internally relocating within India. The IJ also denied Singh's application for CAT protection, finding that he did not establish that he would more likely than not be tortured in India. Singh appealed to the BIA, which adopted and affirmed the IJ's decisions and dismissed the appeal. Singh then petitioned this court for review of the BIA's order.

"We review decisions on asylum, withholding of removal, and CAT protection under the substantial evidence standard, upholding the decision if it is supported by reasonable, substantial, and probative evidence based on the record as a whole." *Ferchichi v. Bondi*, 128 F.4th 966, 973 (8th Cir. 2025) (internal quotations and alteration omitted). "We review the [BIA's] legal determinations de novo" and "afford great deference to its factual findings." *Durakovic v. Garland*, 101 F.4th 989, 993 (8th Cir. 2024).

We begin with Singh's application for asylum. "To qualify for asylum, a petitioner must establish either past persecution or a well-founded fear of future persecution on account of their race, religion, nationality, political opinion, or membership in a particular social group." *Ferchichi*, 128 F.4th at 973 (citing 8 U.S.C. §§ 1101(a)(42) and 1158(b)(1)(B)(i)). However, if the petitioner could avoid persecution by relocating to another part of his country of nationality and relocation

would be reasonable, then he is ineligible for asylum. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B) (directing an IJ to "deny the asylum application of an alien found to be a refugee on the basis of past persecution if . . . [t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality"); *id.* § 1208.13(b)(2)(ii) (establishing that "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality").

The denial of Singh's application for asylum is supported by substantial evidence. Even if the level of harm Singh faced at the hands of Congress Party members rose to the level of persecution, he reasonably could have relocated elsewhere in India to avoid persecution by the Congress Party. *See Becerril-Sanchez v. Bondi*, 127 F.4th 1099, 1110 (8th Cir. 2025) (per curiam). The IJ relied on a "detailed report issued by the Law Library of Congress discussing the feasibility of relocation [within India] for Sikhs and members of the Mann Party." *Cf. Singh v. Garland*, 11 F.4th 106, 111, 118 (2d Cir. 2021) (affirming the denial of petitions for asylum, withholding of removal, and CAT protection to Sikh member of the Mann Party in Punjab, where the IJ relied on reports, including one from the Library of Congress, regarding the treatment of Sikh members of the Mann Party throughout India). The Law Library of Congress report, dated October 2020, highlights that large Sikh communities exist throughout India, observes that "many persons of the Sikh faith hold prominent official positions," and notes that "the majority of Sikhs do not experience societal discrimination or violence." The report also concludes that Mann Party members do not face a "general risk in India of ill-treatment." Though the report cites conflicting authority on whether "outspoken members" of the Mann Party in Punjab are subject to harassment or arrest for political activity, no authority suggests that such ill-treatment "would occur outside of the State of Punjab." The report concludes that "it does not appear that [Mann Party supporters] are actively persecuted or would face any ill treatment if they were to relocate" elsewhere within the country. Altogether, affording deference to the IJ's and BIA's factual findings, substantial evidence supports the conclusion that Singh could

reasonably relocate within India to avoid persecution. Accordingly, Singh is not eligible for asylum.[1]

We next turn to Singh's application for withholding of removal. To qualify for withholding of removal, a petitioner must show "a clear probability that [his] life or freedom would be threatened on the basis of [his] membership in a particular social group if removed to [his] country of origin." *Becerril-Sanchez*, 127 F.4th at 1110 (internal alterations omitted). However, a petitioner who "cannot meet the standard for asylum cannot meet the standard for establishing withholding of removal" because "[t]he standard for withholding of removal is . . . more rigorous than the . . . standard for asylum." *Id.* Because Singh does not qualify for asylum, he necessarily does not qualify for withholding of removal. *See id.*

Finally, we address Singh's application for CAT protection. To qualify for CAT protection, Singh must establish both that "it is more likely than not that [he] would be tortured if removed to [India]," and also that the torture would be inflicted "by, or . . . with the consent or acquiescence of, a public official." *See id.* at 1111 (quoting 8 C.F.R. §§ 1208.16(c)(2) and 1208.18(a)(1)). "Although claims of 'torture' and 'persecution' are not identical, when the two claims are based on the same allegations, it is unlikely that an applicant whose asylum application is rejected will be able to obtain relief under the CAT." *Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019). As with asylum and withholding of removal, a necessary condition for CAT protection is that "conditions within a country make internal relocation an unsafe and unreasonable alternative." *Yakovenko v. Gonzales*, 477 F.3d 631, 637 (8th Cir. 2007) (citing 8 C.F.R. § 208.16(c)(3)(ii)); *see also Bautista-Bautista v. Garland*, 3 F.4th 1048, 1054 (8th Cir. 2021). Singh's application for CAT protection relies on the same facts as his applications for asylum and

---

[1]Because Singh's ability to relocate renders him ineligible for asylum, we need not address his other arguments on appeal. *See Salat v. Garland*, 32 F.4th 684, 689 (8th Cir. 2022) (noting that "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach") (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam)).

withholding of removal; his ability to relocate internally makes him ineligible for CAT protection just as it makes him ineligible for the other remedies he seeks.

Further, Singh is not eligible for CAT protection because the beatings he allegedly suffered at the hands of Congress Party members do not rise to the level of torture. "Torture" is characterized as an "intentional[] inflict[ion]" of "severe pain or suffering," 8 C.F.R. § 1208.18(a)(1), to the exclusion of "lesser forms of cruel, inhuman or degrading treatment or punishment." *Id.* § 1208.18(a)(2). Singh concedes that he did not require hospitalization or other serious medical attention following either beating. Minor beatings are insufficient to establish persecution, *see Njong v. Whitaker*, 911 F.3d 919, 923 (8th Cir. 2018), which is an even lower standard than torture. *See Martin Martin*, 916 F.3d at 1145. Though we do not question that Singh suffered harm, we cannot say that the harm rose to the level of torture. Accordingly, the denial of Singh's application for CAT protection is supported by substantial evidence.

Petition denied.

_____