# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1059

———————————————

Perfecto Martin Martin; Maynor Martin-Vicente

*Petitioner*s

v.

William P. Barr, Attorney General of the United States of America

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: December 12, 2018
Filed: March 5, 2019

——————————

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

——————————

LOKEN, Circuit Judge.

Perfecto Martin Martin, a native and citizen of Guatemala, entered the United States without inspection in 2010 and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). His son, Maynor Martin-Vicente, entered the United States in 2014 and, based on the same events and similar circumstances as his father, applied for the same relief, both as a "rider" on Martin Martin's application and in an independent asylum application. The Department of

Homeland Security initiated removal proceedings. Both petitioners conceded removability. The Immigration Judge consolidated their removal proceedings and, after a hearing at which Martin Martin testified, denied all claims for relief in a lengthy opinion. The Board of Immigration Appeals (BIA) affirmed in a thorough opinion. Martin Martin and Maynor petition for review of the BIA's final agency action. See 8 U.S.C. § 1252. Concluding the BIA order was "supported by reasonable, substantial, and probative evidence on the record considered as a whole," we deny the petition for review. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (standard of review); see 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum Claims

The Attorney General may grant asylum to a "refugee." 8 U.S.C. § 1158(b)(1). "Refugee" is defined as an alien unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "An applicant who has been found to have established . . . past persecution shall also be presumed to have a well-founded fear of [future] persecution." 8 C.F.R. § 208.13. Martin Martin claims past persecution and a well-founded fear of future persecution in Guatemala because of his ethnicity and membership in a particular social group. We review the BIA's findings on these issues under the deferential substantial evidence standard. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004); Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002).

Martin Martin was born in Guatemala on March 6, 1975. He is of indigenous Mam ethnicity and speaks the Mam (Maya) language. In 1984, he fled to Mexico with his family because of the ongoing conflict between guerilla forces and the Guatemalan government. At the asylum hearing, Martin Martin testified that, during the conflict, guerillas and the Guatemalan government fumigated crops and took

"everything" from the family, and Martin Martin's grandfather was killed. When the family returned to Guatemala in 1996, their home was destroyed and their land taken; those now claiming ownership threatened the family and assaulted Martin Martin's grandmother. He testified that he faced discrimination due to his Mam ethnicity during this period, which he defined as name-calling.

Martin Martin entered the United States in 1999. He returned to Guatemala in 2005 after peace accords were signed, settling in another city, buying a house, and starting his own business. In 2008, the "Zetas" criminal organization began asking for money two or three times per month. The Zetas threatened to kidnap, kill, or force him to grow drugs if he refused to support the gang. Martin Martin did not give in to their threats and demands and did not report the threats to the police. The Zetas never physically harmed Martin Martin and stopped contacting him in April 2010. Martin Martin re-entered the United States in September 2010. Most of his family came in 2012. His cousin returned to Guatemala in 2013 and was killed by gangs because he did not have money. His son Maynor came to the United States in 2014 after gangs began to recruit him. Martin Martin fears that if he returns to Guatemala he will face harm at the hands of those involved in the guerilla conflict, those that took his family's land, and the Zetas. The Immigration Judge found his testimony regarding events in Guatemala generally credible.

*Past Persecution.* Persecution is an "extreme concept that involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic." Shaghil v. Holder, 638 F.3d 828, 834 (8th Cir. 2011) (cleaned up). The BIA found that Martin Martin's testimony did not establish past harm that rose to the level of persecution. We agree.

The discrimination and property loss Martin Martin suffered during and shortly after the guerilla conflict did not constitute a threat to life or freedom that rose to the level of persecution. "In general, harm resulting from conditions such as anarchy,

civil war, or mob violence does not support a claim of persecution." Agha v. Holder, 743 F.3d 609, 617 (8th Cir. 2014). Nor did extortion threats made by the Zetas constitute sufficient evidence of persecution. "Absent a showing of physical harm, incidents of harassment and unfulfilled threats of injury are not persecution, nor is low-level intimidation and harassment." Cinto-Velasquez v. Lynch, 817 F.3d 602, 605-06 (8th Cir. 2016) (cleaned up). In Cinto-Velasquez, we noted that, "although Guatemala has a high level of gang violence, the government is aggressively combating that violence." 817 F.3d at 606. Martin Martin did not report the Zetas' threats to the police and suffered no harm when he did not give in to their demands.

We conclude that substantial evidence in the administrative record supports the BIA's finding that Martin Martin and Maynor failed to prove past persecution.

*Fear of Future Persecution.* Having failed to prove past persecution, Martin Martin is not entitled to a presumption he has a well-founded fear of future persecution. He must prove future fear that is both objectively and subjectively well-founded. See Alemu v. Gonzales, 403 F.3d 572, 575 (8th Cir. 2005). Martin Martin relies on the same facts to establish his well-founded fear of future persecution. The BIA found he failed to carry his burden to establish an objectively well-founded fear of future persecution. The BIA acknowledged that Martin Martin testified that two other family members had been killed, one in the guerilla conflict and one by Guatemalan gangs, but found there was "insufficient persuasive evidence" that Martin Martin and Maynor "face the same potential risk of harm."

The BIA found that Martin Martin failed to establish an objective nexus between fear of future persecution and a protected ground -- "race, religion, nationality, membership in a particular social group, or political opinion." Martin Martin claimed a well-founded fear on account of his Mam ethnicity. The BIA found insufficient proof that the harm his family suffered during the guerilla conflict was due to their ethnicity, no evidence that private persons who claimed the family's land

after they fled to Mexico acted on account of their ethnicity, and no evidence of a pattern or practice "against Mam people in Guatemala." As the BIA noted, Martin Martin's testimony established that he lived in Guatemala from 2005 to 2010 without suffering harm based on ethnicity, and the Immigration Judge found, based on State Department reports, that "the law of Guatemala . . . recognizes the rights and cultures of indigenous communities and their organized government bodies."

Martin Martin further claimed a well-founded fear of persecution by the Zetas on account of his membership in a particular social group. The BIA found "that the gang targeted [Martin Martin and Maynor] to further the gang's own criminal goals rather than to overcome a protected characteristic [they] held." Moreover, the BIA noted, Martin Martin "did not report his problems with the gangs to the police . . . or persuasively establish that such reporting would be futile." With no evidence that the government of Guatemala condones criminal gang activity, Martin Martin showed "at most low-level intimidation by private actors who did not follow up on their demand, and who were not shown to be persons that the government was unable or unwilling to control." Cinto-Velasquez, 817 F.3d at 606 (quotation omitted); see Constanza v. Holder, 647 F.3d 749, 753-54 (8th Cir. 2011).

Accordingly, we conclude that substantival evidence in the record as a whole supports the BIA's decision to deny the petitioners' asylum applications.

## II. Withholding of Removal and CAT Claims

"Because [Martin Martin and Maynor] failed to establish eligibility for asylum, they necessarily cannot meet the more rigorous standard of proof for withholding of removal." Khrystotodorov v. Mukasey, 551 F.3d 775, 784 (8th Cir. 2008). We likewise agree with the BIA's finding that Martin Martin and Maynor failed to establish that they qualify for relief under the CAT. "Although claims of 'torture' and 'persecution' are not identical, when the two claims are based on the same

allegations, it is unlikely that an applicant whose asylum application is rejected will be able to obtain relief under the CAT." Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008). Under the CAT, an alien must show "severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). This standard is "more onerous than the asylum and withholding of removal standards." Agha, 743 F.3d at 615. Martin Martin made no such showing.

For the foregoing reasons, we deny Martin Martin's petition for review of the BIA's decision in the consolidated removal proceedings.

_____