# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3378

_____

Francisco de la Rosa Garcia

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 18, 2019
Filed: December 10, 2019

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Francisco de la Rosa Garcia (de la Rosa) petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his application for withholding of removal pursuant to § 241(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3). Having jurisdiction under 8 U.S.C. § 1252, we deny the petition.

# I.

De la Rosa, a native and citizen of Mexico, entered the United States without inspection in or about 1999. On July 21, 2008, the Department of Homeland Security initiated removal proceedings against de la Rosa, charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (being present in the United States without being admitted or paroled). De la Rosa conceded that he was removable as charged, but he filed an application for relief from removal in the form of, inter alia, withholding of removal under § 1231(b)(3) (restriction on removal to a country where alien's life or freedom would be threatened).[1]

In seeking relief from removal, de la Rosa claimed that he feared persecution in Mexico due to his membership in a particular social group consisting of "members of the de la Rosa family." As support, de la Rosa testified that his uncle had been kidnapped and extorted in 2016; that, until about 2015, his sister was receiving phone calls from unknown individuals falsely claiming to have kidnapped de la Rosa and seeking payment in exchange for his release; and that his father's cousin was killed in 2016 when he was opening his business because he had refused to submit to extortionate demands. De la Rosa explained that, "if you have a business [in Mexico, criminals] will ask you for money every month." De la Rosa noted that his family owns a small business in Mexico. Further, de la Rosa testified that, while his siblings

---

[1]De la Rosa also applied for and was denied asylum, cancellation of removal, and protection under the Convention Against Torture (CAT). The only issue identified by de la Rosa before this Court is the denial of his application for withholding of removal pursuant to § 1231(b)(3), and he does not submit argument with respect to the denial of his applications for asylum, cancellation of removal, or protection under the CAT. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (holding that claims that are not meaningfully argued in the opening brief are waived).

continue to live in Mexico, they have not been targeted because "they only make enough [money] to survive."

The IJ denied de la Rosa's application for withholding of removal pursuant to § 1231(b)(3). The IJ found that, although membership in the de la Rosa family constitutes a cognizable particular social group, he failed to satisfy his burden of showing that his membership in that particular social group will be a central reason for his persecution. Specifically, the IJ determined that the evidence indicated that de la Rosa's family members had been targeted because of their wealth, not because of their membership in the de la Rosa family. Further, the IJ found that de la Rosa failed to show that the Mexican police are unwilling or unable to protect him. The BIA affirmed and dismissed the appeal, adding that de la Rosa had "not established that his family relationship will be at least one central reason for the harm he claims to fear in the future."

II.

De la Rosa now seeks review of the denial of his application for withholding of removal. He argues that the IJ and the BIA erred in finding that (1) de la Rosa failed to establish that his membership in the de la Rosa family is at least one central reason why he will be targeted for persecution, and (2) de la Rosa failed to establish that the Mexican government is unable or unwilling to protect him. "We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Davila-Mejia v. Mukasey, 531 F.3d 624, 627 (8th Cir. 2008). We review questions of law de novo, and we review the agency's factual findings by applying the deferential substantial evidence standard. Turay v. Ashcroft, 405 F.3d 663, 666-67 (8th Cir. 2005). Under that standard, "[f]act determinations may be reversed only if the petitioner demonstrates that the evidence was so

-3-

compelling that no reasonable fact finder could fail to find in favor of the petitioner." Id. at 667.

"To be eligible for withholding of removal to a particular country, an alien must show a 'clear probability' that he would suffer persecution on account of a protected ground such as political opinion or membership in a social group." Miah v. Mukasey, 519 F.3d 784, 787 (8th Cir. 2008). With respect to the first issue, de la Rosa argues that the IJ and the BIA engaged in improper speculation to reach an unsupported conclusion that criminals will harm de la Rosa only if they deem him wealthy, and not because of his membership in the de la Rosa family. We disagree.

While de la Rosa testified to instances in which his family members were targeted by criminals, he "provided no proof that the criminal[s] targeted members of the family *because* of family relationships, as opposed to the fact that, as [business owners], they were obvious targets for extortionate demands." Cambara-Cambara v. Lynch, 837 F.3d 822, 826 (8th Cir. 2016). In fact, de la Rosa's testimony, as a whole, undermines his claim that these family members were singled out because of their membership in the de la Rosa family and, instead, suggests that criminals target wealthy individuals regardless of family membership. For example, de la Rosa testified that the reason he does not want to return to Mexico is because crime is prevalent there, and people will assume that he has more money just because he has lived in the United States. In addition, de la Rosa testified that his siblings continue to live in Mexico but have not been targeted by criminals because they make only enough money to survive. De la Rosa also testified that, just like his father's cousin, a non-relative neighbor was killed for refusing to submit to extortionate demands. This suggests that the de la Rosa family "is no different from any other [Mexican] family that has" been the victim of extortion. Id. (holding that Cambara failed to establish a sufficient nexus between the alleged persecution and family membership, because substantial evidence supports a finding that Cambara's family is no different

from any other Guatemalan family that has experienced gang violence) (quoting Constanza v. Holder, 647 F.3d 749, 754 (8th Cir. 2011)).

Importantly, de la Rosa also testified that his family has not suffered further violence or received any threats since his uncle's kidnapping in 2016. De la Rosa also testified that, while his sister had received phone calls from individuals claiming to have kidnapped de la Rosa and seeking payment for his return, she stopped receiving these phone calls in approximately 2015 when she changed her phone number. Finally, de la Rosa testified that his parents continue to live in Mexico and are able to operate their business without paying any money to criminal organizations.

On this record, substantial evidence supports the finding that de la Rosa failed to establish a clear probability that he would suffer persecution in Mexico on account of his membership in the de la Rosa family. Accordingly, we find that the IJ and the BIA did not err in denying de la Rosa's application for withholding of removal under § 1231(b)(3).

III.

Because we find that the IJ and the BIA did not err in finding that de la Rosa failed to show a likelihood of persecution on account of membership in a particular social group, we need not address the argument that the IJ and the BIA erred in finding that de la Rosa failed to establish that the Mexican government is unable or unwilling to protect him. See Salazar-Ortega v. Lynch, 654 F. App'x 854, 858 (8th Cir. 2016) (affirming the BIA's finding that, because petitioner had not shown that she suffered persecution on account of a statutorily protected basis, it need not address whether the Guatemalan government was unable or unwilling to control the perpetrators).

The petition for review is denied.

_____