# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3508

———————————————

Paula Osorio Tino; Elias Daniel Juares-Osorio; Jenifer Angelica Juares-Osorio

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Submitted: June 2, 2021
Filed: September 20, 2021
[Published]

———————

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

———————

PER CURIAM.

Guatemala native and citizen Paula Osorio Tino, individually and on behalf of her minor children Elias Daniel Juares-Osorio and Jenifer Angelica Juares-Osorio, petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed her appeal from an immigration judge's decision denying her request to terminate the proceedings based on Pereira v. Sessions, 138 S. Ct. 2105 (2018), and

denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

As a preliminary matter, this court's precedent forecloses Osorio Tino's argument, based on Pereira, that the immigration court never acquired jurisdiction over her proceedings because her Notice to Appear (NTA) was deficient. See Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019) (concluding that Pereira decided a "narrow" issue relating to the stop-time rule for cancellation of removal and "had nothing to say" about when an immigration judge obtains jurisdiction over removal proceedings; jurisdiction vests when a charging document (such as a NTA) is filed with the immigration court; and a NTA need only provide time, place, and date information "where practicable" under 8 C.F.R. § 1003.18(b)); see also Rodriguez de Henriquez v. Barr, 942 F.3d 444, 446 (8th Cir. 2019).[2]

---

[1]Because the minor children's asylum applications are derivative of their mother's application, all references are to Osorio Tino. See 8 U.S.C. § 1158(b)(3)(A) (child may be granted asylum if accompanying principal noncitizen was granted asylum). There are no derivative benefits for withholding of removal or CAT relief. See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

[2]In Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021), the Court addressed an issue left open in Pereira, namely, whether a notice that did not include the date and time of the hearing coupled with a later notice of date and time could invoke the stop-time rule. As a matter of statutory interpretation, the Court held separate documents did not trigger the stop-time rule; all the information needed to be included in one document. The Fifth Circuit recently held Niz-Chavez did not disturb existing circuit precedent regarding jurisdictional requirements. See Maniar v. Garland, 998 F.3d 235, 242 n.2 (5th Cir. 2021). We agree with the Fifth Circuit and do not interpret Niz-Chavez as disturbing our jurisdiction-related precedent. See also United States v. Bastide-Hernandez, 3 F.4th 1193, 1196 (9th Cir. 2021); United States v. Vasquez Florez, 2021 WL 3615366 at *2 n.3 (4th Cir. Aug. 16, 2021) (per curiam).

Having reviewed the record, we conclude the agency properly denied Osorio Tino's asylum application. See 8 U.S.C. § 1158(b)(1) (asylum eligibility requirements). Specifically, we agree that Osorio Tino's proposed particular social group of "family unaffiliated with any gangs who refuse to provide any support to transnational criminal gangs in Guatemala" was not legally cognizable because it lacked particularity and social distinction. See Malonga v. Mukasey, 546 F.3d 546, 553 (8th Cir. 2008) (standard of review); see also Mayorga-Rosa v. Sessions, 888 F.3d 379, 383-85 (8th Cir. 2018). Even assuming, as the BIA did, that her proposed particular social group of her "nuclear family" was cognizable, we further conclude substantial evidence supports the agency's finding that she failed to demonstrate the requisite nexus between any persecution or fear of persecution and her membership in this group or her proposed particular social group of her "indigenous tribal group of K'iche," given her repeated testimony that the aggressors targeted her to extort money. See 8 U.S.C. § 1158(b)(1)(B)(i) (applicant must demonstrate that claimed protected ground "was or will be at least one central reason" for persecution); Silvestre-Giron v. Barr, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (standard of review); Garcia-Moctezuma v. Sessions, 879 F.3d 863, 868-69 (8th Cir. 2018). This finding was dispositive on her asylum claim. See Baltti v. Sessions, 878 F.3d 240, 245 (8th Cir. 2017) (per curiam).

Because Osorio Tino failed to establish eligibility for asylum, she necessarily cannot meet the more rigorous standard of proof for withholding of removal. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019). Finally, we agree with Respondent that Osorio Tino failed to exhaust her CAT claim and may not re-raise it here. See 8 U.S.C. § 1252(d)(1) (this court may review final removal order only if noncitizen has exhausted all available administrative remedies); Baltti v. Sessions, 878 F.3d at 244.

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____