# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1625

_____

Jose Mora Zamora

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 17, 2021
Filed: October 1, 2021
[Unpublished]

_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jose Mora Zamora, a native and citizen of Mexico, applied for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and cancellation of removal. An immigration judge denied all relief and granted Mora Zamora voluntary departure. The Board of Immigration Appeals summarily affirmed

the result, without an opinion. Having reviewed the record, we deny Mora Zamora's petition for review.

As a preliminary matter, because Mora Zamora does not challenge the denial of asylum and cancellation of removal, we conclude he has waived review of those claims. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004). We further conclude the agency did not err when it denied withholding of removal because Mora Zamora failed to establish the "particularity" and "social distinction" prongs for his proposed particular social group, "repatriated Mexicans returning to Mexico after having lived in the United States for a significant period of time." See 8 U.S.C. § 1231(b)(3)(A) (requirements for withholding of removal); Miranda v. Sessions, 892 F.3d 940, 943 (8th Cir. 2018) (standard of review). To meet the particularity requirement, a proposed group must have "definable boundaries" and must not be "amorphous, overbroad, diffuse, or subjective." See Fuentes v. Barr, 969 F.3d 865, 871 (8th Cir. 2020) (per curiam). Mora Zamora did not present evidence showing that there is an objective, commonly accepted definition of what qualifies as "a significant period of time" for the proposed group. The immigration judge did not err in finding that the group was not defined with particularity. The immigration judge also did not err in finding that Mora Zamora failed to show that "repatriated Mexicans returning to Mexico after having lived in the United States for a significant period of time" are perceived as a distinct group in Mexico, or that they are "subject to a higher incidence of crime than the rest of the population." See Matul-Hernandez v. Holder, 685 F.3d 707, 712. The only evidence presented on this point was that people in his hometown talk to others about which of their children are in the United States. He presented no evidence about how those ex-pats are treated or perceived if they return to Mexico. Because the failure to establish membership in a particular social group disposes of Mora Zamora's withholding-of-removal claim, we do not reach his other arguments. See De la Rosa v. Barr, 943 F.3d 1171, 1174–75 (8th Cir. 2019) (declining to address an argument that the Mexican government was unable or unwilling to protect a noncitizen, after concluding he failed to show persecution on

account of membership in a particular social group); <u>Miranda</u>, 892 F.3d at 944 (declining to review the other requirements for withholding of removal when a particular social group was not cognizable because the noncitizen necessarily could not show any past or future persecution would be on account of a protected ground). Finally, the immigration judge properly concluded Mora Zamora's claim for protection under the CAT failed because it was based on the same underlying facts as his claims for asylum and withholding of removal. <u>See</u> <u>Ming Ming Wijono v. Gonzales</u>, 439 F.3d 868, 874 (8th Cir. 2006).

Accordingly, we deny the petition for review.

_____