# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2143

_____

Faruk Arifin

*Petitioner*

v.

Merrick B. Garland, Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 1, 2022
Filed: April 6, 2022
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Indonesian citizen Faruk Arifin petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA dismissed Arifin's appeal from the decision of an immigration judge denying him asylum, withholding of removal, and protection under the Convention

Against Torture (CAT). This court cannot conclude that any reasonable adjudicator would be compelled to find Arifin established a well-founded fear of future persecution.[1] *See Fesehaye v. Holder*, 607 F.3d 523, 526 (8th Cir. 2010) (this court will affirm administrative decision if it is supported by substantial evidence, and will reverse only if the evidence is so compelling that no reasonable factfinder could fail to find in petitioner's favor); *Menendez-Donis v. Ashcroft*, 360 F.3d 915, 918 (8th Cir. 2004) (substantial evidence is more than a scintilla, but need not rise to a preponderance of the evidence); *see also Woldemichael v. Ashcroft*, 448 F.3d 1000, 1003-04 (8th Cir. 2006) (applicant who fails to establish past persecution must demonstrate an objectively reasonable fear of particularized persecution or that there is a pattern or practice of persecution of similarly-situated people). Rather, substantial evidence supported the agency's conclusions that (1) Arifin did not establish any persecution would be inflicted by the Indonesian government or those whom the government was unable or unwilling to control, *see Galloso v. Barr*, 954 F.3d 1189, 1191-93 (8th Cir. 2020), *as amended* (Apr. 15, 2020) (definition of persecution requires the harm to be inflicted by the government or by persons or an organization that the government was unable or unwilling to control); (2) he did not show he would face harm amounting to persecution, *see Litvinov v. Holder*, 605 F.3d 548, 555 (8th Cir. 2010) (evidence of persecution that is "insufficiently specific or imminent," such as "generalized and speculative statements," does not establish persecution); and (3) he did not establish a pattern or practice of persecution against similarly-situated individuals, *see Ngure v. Ashcroft*, 367 F.3d 975, 991 (8th Cir. 2004) (pattern or practice of persecution must be "systemic, pervasive, or organized").

Substantial evidence also supports the agency's denial of withholding of removal and CAT relief. *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum necessarily cannot

---

[1]Arifin concedes on appeal that he did not establish past persecution. *See Chay-Velasquez v. Ashcroft,* 367 F.3d 751, 756 (8th Cir. 2004) (where claim is not raised opening brief, it is deemed waived).

meet more rigorous standard of proof for withholding of removal; under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity).

The petition is denied. *See* 8th Cir. R. 47B.

_____