# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1009

_____

Roberto Diego-Matias; J.M.M.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 28, 2022
Filed: December 12, 2022
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizens Roberto Diego-Matias and J.M.M. (collectively, petitioners), petition for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA rejected petitioners' challenge to the agency's jurisdiction based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and dismissed their appeal from the

decision of an immigration judge denying them asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners' challenge to the agency's jurisdiction over their removal proceedings is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019); *Tino v. Garland*, 13 F.4th 708, 709 (8th Cir. 2021) (per curiam).

Substantial evidence supports the BIA's determination that petitioners were not entitled to asylum. *See Malonga v. Mukasey*, 546 F.3d 546, 550 (8th Cir. 2008) (standard of review); *Menjivar v. Gonzales*, 416 F.3d 918, 920 (8th Cir. 2005), *as corrected* (Sept. 21, 2005) (asylum eligibility requirements). A reasonable factfinder could conclude that they did not establish past persecution or a well-founded fear of future persecution. *See Cano v. Barr*, 956 F.3d 1034, 1039-40 (8th Cir. 2020).

To the extent petitioners intend to challenge the agency's conclusion that their proposed social groups were not cognizable, their conclusory assertions are insufficient to raise the issue. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004). Substantial evidence supports the conclusion that petitioners failed to demonstrate the requisite nexus between any persecution and a protected ground. *See Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020); *see also Tino v. Garland*, 13 F.4th 708, 710 (8th Cir. 2021) (failure to establish nexus was dispositive of asylum claim).

Substantial evidence supports the agency's denial of withholding of removal and CAT relief. *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum cannot meet more rigorous standard of proof for withholding of removal; under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity).

The petition is denied. *See* 8th Cir. R. 47B.

_____