# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 22-1214

———————————————

Manuel Tziquin Matias

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: October 19, 2022
Filed: February 27, 2023
[Unpublished]

————————

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

————————

PER CURIAM.

Guatemalan citizen Manuel Tziquin Matias petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA rejected Tziquin Matias's jurisdictional arguments and affirmed an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

After careful review, we conclude that Tziquin Matias's challenge to the agency's jurisdiction over his removal proceedings based on his purportedly defective Notice to Appear is foreclosed by this court's precedent, see Ali v. Barr, 924 F.3d 983, 985–86 (8th Cir. 2019); see also Tino v. Garland, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam), and that the immigration judge had jurisdiction to decide his application, see 8 U.S.C. § 1158(b)(3)(C); Garcia v. Barr, 960 F.3d 893, 894–96 (6th Cir. 2020).

We also conclude substantial evidence supports the agency's denial of asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). The record does not compel the conclusion that Tziquin Matias demonstrated past persecution or a well-founded fear of persecution. See Lemus-Arita v. Sessions, 854 F.3d 476, 481–83 (8th Cir. 2017) (explaining that persecution is an extreme concept involving "the infliction or threat of death, torture, or injury"; threats lacking in immediacy or unfulfilled threats of physical injury are usually insufficient; and a fear that is too speculative is objectively unreasonable); Barillas-Mendez v. Lynch, 790 F.3d 787, 789 (8th Cir. 2015) (explaining that persecution excludes "minor beatings" and "low-level intimidation and harassment"). Even if he had shown this, he failed to establish a nexus to a protected ground because his proposed gang-based particular social group was not cognizable, see Tino, 13 F.4th at 710; Mayorga-Rosa v. Sessions, 888 F.3d 379, 384–85 (8th Cir. 2018), and the record does not compel the conclusion that his aggressors were or would be motivated by his indigenous tribal group of Quiche, see Silvestre-Giron v. Barr, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020); Tino, 13 F.4th at 710. The lack of a nexus to a protected ground was dispositive of his claim. See Tino, 13 F.4th at 710; Miranda v. Sessions, 892 F.3d 940, 944 (8th Cir. 2018).

Because Tziquin Matias's asylum claim fails, the agency properly concluded he necessarily could not meet the more rigorous standard of proof for withholding of removal. See Tino, 13 F.4th at 710. Finally, the agency did not err by denying his

CAT claim, which was based on the same allegations as his other claims. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____