# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 22-2475

———————————————

Diego Pablo-Ajualip

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: March 10, 2023
Filed: March 15, 2023
[Unpublished]

——————————

Before COLLOTON, KELLY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Guatemalan citizen Diego Pablo-Ajualip applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An immigration judge rejected his argument that the immigration court lacked jurisdiction over his proceedings and denied his application. The Board of Immigration Appeals affirmed. Pablo-Ajualip petitions for review.

After careful review, we conclude that Pablo-Ajualip's challenge to the agency's jurisdiction over his removal proceedings based on his purportedly defective Notice to Appear is foreclosed by this court's precedent, see Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019); see also Tino v. Garland, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam).

We also conclude the agency did not err by denying Pablo-Ajualip asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). His proposed particular social group was not cognizable under this court's precedents. See Tojin-Tiu v. Garland, 33 F.4th 1020, 1024 (8th Cir. 2022) (concluding "young, Guatemalan men who refuse to cooperate with gang members" is not cognizable); Tino, 13 F.4th at 710 (concluding "family unaffiliated with any gangs who refuse to provide any support to transnational criminal gangs in Guatemala" was not cognizable). The record also does not compel the conclusion that the actors he feared were or would be motivated by his race, as he offered no evidence that race played a role. See 8 U.S.C. § 1158(b)(1)(B)(i); Silvestre-Giron v. Barr, 949 F.3d 1114, 1118, 1119 & n.3 (8th Cir. 2020); see also Tino, 13 F.4th at 710. These determinations were fatal to his asylum claim, so we do not reach his other arguments. See Tino, 13 F.4th at 710; Miranda v. Sessions, 892 F.3d 940, 944 (8th Cir. 2018).

Because Pablo-Ajualip's asylum claim fails, the agency properly concluded he necessarily could not meet the more rigorous standard of proof for withholding of removal. See Tino, 13 F.4th at 710. Finally, the agency did not err by denying his CAT claim, which was based on the same allegations as his other claims. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____