# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3113
_____

Dionicio Toj

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 29, 2023
Filed: April 3, 2023
[Unpublished]
_____

Before BENTON, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Dionicio Toj petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA denied Toj's request to terminate the proceedings based on a purportedly defective Notice to Appear and affirmed an immigration judge's decision denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We conclude that Toj's challenge to the agency's jurisdiction over his removal proceedings based on his purportedly defective Notice to Appear is foreclosed by this court's precedent. See Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019); see also Tino v. Garland, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam).

We also conclude that the agency did not err by denying asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (eligibility requirements). Substantial evidence supports the finding that Toj failed to demonstrate the requisite nexus between any persecution or feared persecution and his race or membership in his proposed particular social group. See id. § 1158(b)(1)(B)(i) (asylum applicant must show the claimed protected ground "was or will be at least one central reason" for persecution); Silvestre-Giron v. Barr, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (standard of review); see also Tino, 13 F.4th at 710 (upholding adverse nexus finding when petitioner repeatedly testified aggressor targeted her for extortion, not her "indigenous tribal group of K'iche"); Martinez-Galarza v. Holder, 782 F.3d 990, 993-94 (8th Cir. 2015) (concluding that actions motivated by purely personal retribution do not establish the requisite nexus for an asylum claim). The failure to establish a nexus to a protected ground was dispositive of Toj's asylum and withholding-of-removal claims, so we do not reach his other arguments. See Tino, 13 F.4th at 710; de la Rosa v. Barr, 943 F.3d 1171, 1174 (8th Cir. 2019). Finally, substantial evidence also supports the denial of Toj's CAT claim, which was based on the same allegations as his other claims. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019) (explaining that the CAT standard is more onerous than the standards for asylum or withholding of removal).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____