# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1611

_____

Catalina Lux Satin

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 14, 2023
Filed: November 30, 2023
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Catalina Lux Satin petitions for review of an order of the Board of Immigration Appeals upholding the decision of an immigration judge (IJ) to deny her asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Lux Satin's challenge to the IJ's jurisdiction, claiming an invalid Notice to Appear under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is foreclosed by circuit precedent. *See Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019).

This court finds no error in the determination that Lux Satin failed to establish a nexus between her proposed particular social group (PSG) and the harm she feared in Guatemala. *See Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (nexus is a factual determination reviewed for substantial evidence and will not be reversed unless the record evidence is so compelling that no reasonable fact-finder could fail to find in petitioner's favor).

Because Lux Satin failed to establish a nexus, the agency did not err in denying her application for asylum, withholding of removal, or protection under the CAT. *See Tino v. Garland*, 13 F.4th 708, 710 (8th Cir. 2021) (per curiam) (where substantial evidence supported determination that noncitizen failed to demonstrate nexus between persecution and PSG, failure was dispositive of asylum claim); *Guled v. Mukasey*, 515 F.3d 872, 881-82 (8th Cir. 2008) (noncitizen who does not meet well-founded fear standard for asylum cannot meet higher "clear probability of persecution" standard for withholding of removal; separate analysis for CAT claim is required only when there is evidence noncitizen may be tortured for reasons unrelated to asylum and withholding of removal claims).

The petition is denied. See 8th Cir. R. 47B.

_____