# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-2242

_____

Ricardo Ramos Ramos

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 29, 2023
Filed: December 8, 2023
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Ricardo Ramos Ramos petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Ramos challenges the Immigration Judge's (IJ) jurisdiction over removal proceedings. He argues the IJ never obtained jurisdiction because his Notice of Hearing (NTA) charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) did not specify a time and date for his initial hearing. The BIA rejected this challenge based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). His jurisdictional challenge is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019) (holding an immigration judge retains jurisdiction notwithstanding an NTA's lack of date or time for initial hearing); *Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam); *see also Mendoza-Zacarias v. Wilkinson*, 839 Fed. Appx. 33, 34 (8th Cir. 2021) (per curiam).

Ramos asserts substantial evidence does not support the IJ's denial of asylum and withholding of removal. To establish eligibility for asylum, an applicant must show he is unwilling or unable to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). This court reviews de novo the BIA's decision on questions of law and reviews factual findings under a "deferential substantial evidence standard." *See de la Rosa v. Barr*, 943 F.3d 1171, 1173-74 (8th Cir. 2019).

A reasonable factfinder could conclude that Ramos failed to establish past persecution, or a well-founded fear of future persecution based on vague and indefinite rumors that his estranged father was planning to kidnap him. *See Cano v. Barr*, 956 F.3d 1034, 1039-40 (8th Cir. 2020). A reasonable factfinder could also conclude that Ramos failed to demonstrate the required nexus between any persecution and a protected ground. As the IJ found, Ramos failed to provide any evidence that his father's conduct was motivated by any membership in protected groups. *See Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020); *see also Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam) (failure to establish nexus was dispositive of asylum claim).

Ramos challenges the IJ's conclusion that he was not eligible for protection under the United Nations Convention Against Torture (CAT). An applicant "may not obtain relief under the CAT unless he can show that his prospective torturer has the goal or intent of inflicting severe physical or mental pain or suffering upon him, not merely that pain or suffering is practically certain to occur." *Escobar v. Garland*, 55 F.4th 662, 670 (8th Cir. 2022). Substantial evidence supports the denial of CAT relief because Ramos railed to establish the requisite likelihood that, upon return to his homeland, he would be tortured at the instigation of or with the consent or acquiescence of a Guatemalan public official or other person acting in an official capacity. *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum cannot meet more rigorous standard of proof for withholding of removal; under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity).

Substantial evidence supports the BIA's determination that petitioner was not entitled to asylum. The petition is denied. *See* 8th Cir. R. 47B.

_____