# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2293
_____

Francisco Gomez-Ajanel

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: December 6, 2023
Filed: December 13, 2023
[Unpublished]
_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Francisco Gomez-Ajanel petitions for review of an order of the Board of Immigration Appeals, which denied his request to terminate the proceedings based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and affirmed an immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

After careful review, we conclude that this court's precedent forecloses Gomez-Ajanel's challenge to the immigration court's jurisdiction over his removal proceedings based on a purportedly defective Notice to Appear. *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019); *see also Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam). To the extent Gomez-Ajanel asks this court to compel the agency to exercise prosecutorial discretion, we may not consider his request. *See* 8 U.S.C. § 1252(g); *Hanggi v. Holder*, 563 F.3d 378, 383 (8th Cir. 2009).

We also conclude that substantial evidence supports the denial of asylum and withholding of removal. *See Cano v. Barr*, 956 F.3d 1034, 1038 (8th Cir. 2020) (explaining the standard of review). Assuming Gomez-Ajanel's Quiche tribal group was a cognizable particular social group, the record does not compel the conclusion that his Quiche identity was or will be at least one central reason for his persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (articulating the one-central-reason standard); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (reviewing for substantial evidence the one-central-reason nexus determination); *see also Tino*, 13 F.4th at 710. Likewise, the record does not compel the conclusion that an imputed anti-gang political opinion was or will be one central reason for Gomez-Ajanel's persecution, as he offered no evidence beyond his refusal to join a gang. *See Aguilar v. Garland*, 60 F.4th 401, 405-06 (8th Cir. 2023). Furthermore, this court has repeatedly held that resistance to gang membership does not present a cognizable particular social group, and Gomez-Ajanel has offered no evidence or argument that would warrant a different result in his case. *See*, *e.g.*, *Tojin-Tiu v. Garland*, 33 F.4th 1020, 1024 (8th Cir. 2022). Because the failure to establish a nexus to a protected statutory ground disposes of Gomez-Ajanel's asylum and withholding-of-removal claims, we do not need to address his other arguments on those claims. *See Uriostegui-Teran v. Garland*, 72 F.4th 852, 856 (8th Cir. 2023); *De la Rosa v. Barr*, 943 F.3d 1171, 1174 (8th Cir. 2019).

Finally, we conclude that substantial evidence supports the denial of CAT protection because Gomez-Ajanel failed to show that he more likely than not would be tortured by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Silvestre-Giron*, 949 F.3d at 1119-20 (explaining the burden of proof); *Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019).

The petition for review is denied. *See* 8th Cir. R. 47B.

_____