# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 23-2447

———————————————

Juan Raymundo-Velasquez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: January 11, 2024
Filed: January 17, 2024
[Unpublished]

——————————

Before BENTON, KELLY, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Guatemalan citizen Juan Raymundo-Velasquez petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA denied Raymundo-Velasquez's request for termination of the proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and dismissed his appeal from the decision of an immigration judge denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on an adverse credibility determination. Raymundo-Velasquez's challenge to the agency's jurisdiction over his removal proceedings is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019). *See also Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021).

Furthermore, substantial evidence supports the adverse credibility determination. *See Yu An Li v. Holder*, 745 F.3d 336, 340 (8th Cir. 2014) (standard of review). The immigration judge provided specific, cogent reasons for the credibility determination, including that Raymundo-Velasquez failed to adequately explain inconsistencies in his statements or provide sufficient corroborating evidence. *See Shazi v. Wilkinson*, 988 F.3d 441, 450-51 (8th Cir. 2021); *Kegeh v. Sessions*, 865 F.3d 990, 995-97 (8th Cir. 2017); *Ezeagwu v. Mukasey*, 537 F.3d 836, 839-40 (8th Cir. 2008). Because Raymundo-Velasquez based his asylum, withholding of removal, and CAT claims on the same discredited testimony, the adverse credibility determination disposed of his claims. *See Ali v. Holder*, 776 F.3d 522, 528 (8th Cir. 2015).

The petition is denied. *See* 8th Cir. R. 47B.

_____