# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3224
_____

Manuela Pastor Tipaz De Lopez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 11, 2024
Filed: June 18, 2024
[Unpublished]
_____

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Manuela Pastor Tipaz de Lopez petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA denied Pastor Tipaz's request to terminate the proceedings based on a purportedly defective Notice to Appear and affirmed an immigration judge's decision denying her asylum,

withholding of removal, and protection under the United Nations Convention Against Torture (CAT).

We conclude that Pastor Tipaz's challenge to the agency's jurisdiction over her proceedings based on her purportedly defective Notice to Appear is foreclosed by circuit precedent. See Ali v. Barr, 924 F.3d 983, 986 (8th Cir. 2019).

We also conclude that the agency did not err by denying asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (eligibility requirements). Substantial evidence supports the finding that Pastor Tipaz failed to demonstrate the requisite nexus between any persecution or feared persecution and her membership in her proposed particular social groups. See id. § 1158(b)(1)(B)(I) (asylum applicant must establish the claimed protected ground "was or will be at least one central reason" for persecution); Silvestre-Giron v. Barr, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (nexus is a factual determination reviewed for substantial evidence and will not be reversed unless the record evidence is so compelling that no reasonable fact-finder could fail to find in petitioner's favor). The failure to establish a nexus to a protected ground was dispositive of Pastor Tipaz's asylum and withholding of removal claims, so we do not reach her other arguments. See Tino v. Garland, 13 F.4th 708, 710 (8th Cir. 2021) (per curiam) (where substantial evidence supported determination that noncitizen failed to demonstrate nexus between persecution and protected ground, failure was dispositive of asylum claim); Guled v. Mukasey, 515 F.3d 872, 881-82 (8th Cir. 2008) (noncitizen who does not meet well-founded fear standard for asylum cannot meet higher "clear probability of persecution" standard for withholding of removal; separate analysis for CAT claim is required only when there is evidence noncitizen may be tortured for reasons unrelated to asylum and withholding of removal claims).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____