# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2860
_____

Edwin Omar Portillo Flores; B.O.P.M.; Yeny Any Mozo De Portillo; J.A.P.M.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 21, 2024
Filed: July 9, 2024
[Unpublished]

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Salvadoran citizens Yeny Any Mozo De Portillo, her spouse Edwin Omar Portillo Flores, and their minor children, B.O.P.M. and J.A.P.M., petition for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

After careful review, we conclude that the BIA did not err by denying asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (eligibility requirements). Substantial evidence supports the finding that Mozo De Portillo failed to demonstrate the requisite nexus between any persecution or feared persecution and her imputed political opinion of opposition to gang control. See id. § 1158(b)(1)(B)(I) (asylum applicant must show the claimed protected ground "was or will be at least one central reason" for persecution); Silvestre-Giron v. Barr, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (nexus is a factual determination reviewed for substantial evidence and will not be reversed unless the record evidence is so compelling that no reasonable fact-finder could fail to find in petitioner's favor); Marroquin-Ochoma v. Holder, 574 F.3d 574, 578-79 (8th Cir. 2009) (mere refusal to join gang, without more, does not compel finding that gang's threats were on account of imputed political opinion); Aguilar v. Garland, 60 F.4th 401, 406 (8th Cir. 2023) (unless record shows gang's persecution is related to applicant's actual or imputed political opinion, refusal to comply with gang demands alone is insufficient to demonstrate required nexus). The failure to establish a nexus to a protected ground was dispositive of Mozo De Portillo's asylum claim. See Tino v. Garland, 13 F.4th 708, 710 (8th Cir. 2021) (per curiam).

As Mozo De Portillo was unable to meet the burden of proof required for asylum, we conclude the BIA did not err by denying withholding of removal. See Guled v. Mukasey, 515 F.3d 872, 881 (8th Cir. 2008) (noncitizen who does not meet well-founded fear standard for asylum cannot meet higher "clear probability of persecution" standard for withholding of removal). We also conclude that the petitioner waived any claim of protection under the CAT by not challenging the immigration judge's denial at the BIA or in her petition for review in this court. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (explaining that a claim not raised in an opening brief is deemed waived).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____