# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2258

_____

Marcos Cortez Pablo

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 4, 2025
Filed: February 7, 2025
[Unpublished]

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Marcos Cortez Pablo petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

---

[1]Pamela Bondi, has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

The BIA denied Cortez Pablo's request to terminate the proceedings under *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), and dismissed his appeal from the decision of an immigration judge denying him asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Cortez Pablo's challenge to the agency's jurisdiction over his removal proceedings is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 985–86 (8th Cir. 2019); *Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam).

Furthermore, substantial evidence supports the agency's denial of asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); *Cano v. Barr*, 956 F.3d 1034, 1038 (8th Cir. 2020) (standard of review). The record does not compel the conclusion that Cortez Pablo's race or membership in his proposed particular social groups was or would be one central reason for the harm he experienced or feared. *See Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (explaining standard of review for "one central reason" nexus standard); *Pascual-Miguel v. Garland*, 89 F.4th 657, 660 (8th Cir. 2023) ("General criminal intent is not a persecutory motive."); *Tino*, 13 F.4th at 710 (upholding adverse nexus finding when petitioner testified aggressor targeted her to extort money, not because of her indigenous status). The failure to establish a nexus disposes of Cortez Pablo's claims for asylum and withholding of removal. *See Tino*, 13 F.4th at 710.

Cortez Pablo has waived review of the agency's denial of his CAT claim because he does not address the BIA's dispositive determination that he failed to challenge the immigration judge's finding that he likely would not be tortured. *See Coreas-Chavez v. Garland*, 52 F.4th 413, 416 (8th Cir. 2022); *Moallin v. Barr*, 980 F.3d 1207, 1211 (8th Cir. 2020). In any event, his claim otherwise fails because he based it on the same facts as his other claims, and he did not show that the Guatemalan government would acquiesce in torture by a private citizen. *See Silvestre-Giron*, 949 F.3d at 1119–20 (explaining the standard of review and that the Guatemalan government's lack of success at preventing torture by private actors

does not, by itself, mean the government acquiesces in torture); *Marroquin-Ochoma v. Holder*, 574 F.3d 574, 579–80 (8th Cir. 2009).

The petition is denied. *See* 8th Cir. R. 47B.

_____