# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-3066
_____

Juana Toj Solis; J.G.L.T.

*Petitioner*s

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 6, 2025
Filed: May 9, 2025
[Unpublished]
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizens Juana Toj Solis and her son, J.G.L.T., petition for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's decision denying Toj Solis's application for asylum,

withholding of removal, and protection under the Convention Against Torture (CAT).[1]  Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

After careful review, we conclude that the BIA did not err by denying asylum. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (eligibility requirements).  Substantial evidence supports the finding that Toj Solis failed to demonstrate the requisite nexus between any persecution or feared persecution and her race or membership in a particular social group.  *See id.* § 1158(b)(1)(B)(i) (asylum applicant must establish the claimed protected ground "was or will be at least one central reason" for persecution); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (nexus is a factual determination reviewed for substantial evidence and will not be reversed unless the record evidence is so compelling that no reasonable fact-finder could fail to find in petitioner's favor).  The failure to establish a nexus to a protected ground is dispositive of Toj Solis's asylum and withholding of removal claims.  *See Tino v. Garland*, 13 F.4th 708, 710 (8th Cir. 2021) (per curiam) (where substantial evidence supported determination that noncitizen failed to demonstrate nexus between persecution and protected ground, failure was dispositive of asylum claim); *Guled v. Mukasey*, 515 F.3d 872, 881 (8th Cir. 2008) (noncitizen who does not meet well-founded fear standard for asylum cannot meet higher "clear probability of persecution" standard for withholding of removal).  Finally, the denial of her claim for CAT protection is unexhausted, as Toj Solis did not challenge the denial in her BIA brief.  *See Camishi v. Holder*, 616 F.3d 883, 886 (8th Cir. 2010).

The petition is denied.  *See* 8th Cir. R. 47B.

_____

---

[1]Because J.G.L.T.'s asylum application is derivative of his mother's (and there are no derivative benefits associated with withholding of removal or CAT protection), all references are to Toj Solis.  *See* 8 U.S.C. § 1158(b)(3)(A) (child may be granted asylum if accompanying principal noncitizen was granted asylum); *Fuentes v. Barr*, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).