# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1838
_____

Petrona Sebastian Diego; D.M.H.S.; G.H.S.

*Petitioner*s

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: January 30, 2026
Filed: February 4, 2026
[Unpublished]
_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Guatemalan natives and citizens Petrona Sebastian Diego and her minor children, D.M.H.S., and G.H.S., entered the United States in February 2018 without valid entry documents, applied for admission, were charged with removability, and applied for asylum, withholding of removal, and protection under the Convention Against Torture based on membership in three particular social groups, the

indigenous tribal group of Chuj, guatemalan women, and Sebastian Diego's nuclear family.[1]   After a counseled hearing in 2022 at which Sebastian Diego testified, the immigration judge [IJ] made extensive findings including that Sebastian Diego was a credible witness and that the indigenous tribal group of Chuj and Sebastian Diego's nuclear family are cognizable particular social groups.  But the IJ also found that Sebastian Diego "did not tie the alleged persecution" to her group memberships, did not prove she has suffered or would suffer harm rising to the level of persecution on account of her memberships, did not attempt to permanently relocate to another part of the country to avoid persecution, was not harmed much less tortured by any Guatemalan public official, and did not report the alleged private harm to the police. The IJ denied Sebastian Diego's applications for asylum, withholding of removal, and protection under the Convention Against Torture.  Sebastian Diego appealed.  In May 2025, the Board of Immigration Appeals (BIA) adopted and affirmed the IJ's decision, denied Sebastian Diego's request for termination of the proceedings, and dismissed the appeal.  Sebastian Diego now petitions for review of that final order.

We review the BIA's determinations under the deferential substantial evidence standard.  "To warrant judicial relief, [Sebastian Diego] must show that the evidence [she] presented was so compelling that no reasonable factfinder could fail to find the requisite [past persecution or] fear of [future] persecution."  Cambara-Cambara v. Lynch, 837 F.3d 822, 826 (8th Cir. 2016), quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

After careful review of the administrative record, we conclude that Sebastian Diego failed to present compelling evidence that she suffered harm rising to the level of persecution on account of a protected ground, the "nexus" factor.  See 8 U.S.C.

_____

[1]D.M.H.S. and G.H.S. were derivative applicants on Sebastian Diego's asylum application.  See 8 U.S.C. § 1158(b)(3)(A); Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

§ 1158(b)(1)(B)(i); Cambara-Cambara, 837 F.3d at 826.  The IJ found that Sebastian Diego's membership in her husband's nuclear family was "incidental or tangential" to the demands for money and threats made by the parents of her husband's cousin against members of his family seeking revenge because her husband accidentally killed his cousin years before he married Sebastian Diego.  When Sebastian Diego and her husband moved to a different village, some "community members chose not to associate with [Sebastian Diego's] family and some people would threaten them" based on their Chuj background, but there was no physical harm and the IJ concluded "the record evidence is insufficient to prove that [Sebastian Diego] has (or would) suffer harm that rises to the level of persecution because of her indigenous Chuj background."  In general, villager threats do not amount to persecution, see Cano v. Barr, 956 F.3d 1034, 1039 (8th Cir. 2020), and the record does not compel the conclusion that her tribal status was a central reason for the harm she fears but has not suffered.  See Pascual-Miguel v. Garland, 89 F.4th 657, 660 (8th Cir. 2023).  Likewise, substantial evidence supports the denial of her claim for CAT relief.  See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019).

Accordingly, we deny the petition for review.  See 8th Cir. Rule 47B.

_____